Anna Y. Park, SBN 164242
Sue Noh, SBN 192134
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone:  (213) 894-1083
Facsimile:  (213) 894-1301
E-Mail:  lado.legal@eeoc.gov

Rumduol Vuong, SBN 264392
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
2300 Tulare Street, Suite 215
Fresno, CA 93721
Telephone: (559) 487-5135
Facsimile: (559) 487-5053
E-Mail: rumduol.vuong@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>          Plaintiff,<br><br>     vs.<br><br>Z FOODS d/b/a ZORIA FARMS, ZORIA FARMS INC., and Does 1-10 Inclusive,<br><br>          Defendants. | Case No.:<br><br>**COMPLAINT—TITLE VII**<br>• **Sexual Harassment**<br>• **Retaliation**<br><br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and retaliation, and to provide appropriate relief to Charging Parties and other individuals who were adversely

1  affected by such practices.  As set forth with greater particularity in paragraphs 20 to 35 of this

2  Complaint, Plaintiff United States Equal Employment Opportunity Commission ("Plaintiff" or

3  "Commission") alleges that Defendants subjected Charging Party Rocio Guevara, Mireye Torres,

4  Rosa Mendez, Rosario Huerta, and other female employees to sexual harassment during their

5  employment with Defendants Zoria Farms, Inc., and Z Foods d/b/a Zoria Farms ("Z Foods" or

6  "Defendants").  Further, Plaintiff alleges that Defendants subjected Charging Parties Eder Cruz

7  Ortiz, Jose Dieguez, Maria Sara Coronado, Barcilia Alvarez, Rosa Mendez, and Mireye Torres to

8  retaliation for opposing unlawful discrimination.  Lastly, Plaintiff alleges that Charging Parties

9  Arnulfo Guevara and Carols Garcia to retaliation because of their association with individuals

10  opposing unlawful employment practices.

11  ## JURISDICTION AND VENUE

12      1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337,

13  1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of

14  Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3)

15  ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

16      2.    The employment practices alleged to be unlawful were and are now being

17  committed within the jurisdiction of the United States District Court for the Eastern District of

18  California.

19  ## PARTIES

20      3.    The Commission is an agency of the United States of America, charged with the

21  administration, interpretation and enforcement of Title VII, and is expressly authorized to bring

22  this action by Section 706(f)(1) and (3) Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

23      4.    At all relevant times, Defendants Z Foods has continuously been an employer

24  engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of

25  Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

26      5.    At all relevant times, Defendants Z Foods has continuously been a corporation

27  doing business in the State of California, and has continuously had at least 15 employees.

28      6.    At all relevant times prior to September 2008, Zoria Farms Inc. had been an

employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

7.     At all relevant times prior to September 2008, Zoria Farms Inc. had been a corporation doing business in the State of California, and had at least 15 employees.

8.     All of the acts and failures to act alleged herein were duly performed by and attributable to all Defendants, each acting as a successor, agent, alter ego, employee, indirect employer, joint employer, integrated enterprise and/or or under the direction and control of the others, except as specifically alleged otherwise.  Said acts and failures to act were within the scope of such agency and/or employment, and each Defendants participated in, approved and/or ratified the unlawful acts and omissions by the other Defendants complained of herein. Whenever and wherever reference is made in this Complaint to any act by Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendants acting individually, jointly, and/or severally.

9.     All of the acts and failures to act alleged herein occurring prior to September 2008 is attributable to Defendants Z Foods as a successor to Zoria Farms Inc.

10.    Z Foods continued operations at the same facility and performed the same type of business as its predecessor Zoria Farms Inc.  Defendants Z Foods also employed a substantial number of the same employees as its predecessor, including the previous owner of Zoria Farms Inc and plant manager.

11.    Z Foods had notice of potential liability as upper management retained by Z Foods knew of the complaints of sexual harassment and retaliation, including the charges of discrimination filed with the Commission.

12.    Prior to its acquisition, Z Foods was aware that charges of discrimination had been filed against Zoria Farms.

13.    Plaintiff is ignorant of the true names and capacities of each Defendants sued as DOES 1 through 10, inclusively, and therefore Plaintiff Commission sues said Defendants(s) by fictitious names.  Plaintiff reserves the right to amend the complaint to name each DOE Defendants individually or collectively as they become known.  Plaintiff alleges that each DOE

1  Defendants was in some manner responsible for the acts and omissions alleged herein and

2  Plaintiff will amend the complaint to allege such responsibility when the same shall have been

3  ascertained by Plaintiff.

4  ### STATEMENT OF CLAIMS

5  14.   More than thirty days prior to the institution of this lawsuit, Charging Parties Rosa

6  Mendez, Rocio Guevara, Rosario Huerta, Mireye Torres, Eder Cruz Ortiz, Jose Dieguez, Maria

7  Sara Coronado, Barcilia Carina Barajas Alvarez, Arnulfo Guevara, and Carlos Garcia filed

8  charges of discrimination with Plaintiff alleging violations of Title VII by Defendants.

9  15.   On July 29, 2011, the Commission issued Letters of Determination finding that

10  the Charging Parties Rosa Mendez, Rocio Guevara, Rosario Huerta, Maria Sara Coronado,

11  Mireye Torres and other similarly situated individuals were subjected to unlawful employment

12  discrimination based upon their sex (female) in violation of Title VII.

13  16.   On July 29, 2011, the Commission issued Letters of Determination finding that

14  Charging Parties Eder Cruz Ortiz, Jose Dieguez, Barcilia Carina Barajas Alvarez, Mireye Torres,

15  Rosa Mendez, Rosario Huerta, Maria Sara Coronado, and other similarly situated individuals

16  were subjected to retaliation for their opposition to unlawful employment practices in violation

17  of Title VII.

18  17.   On July 29, 2011, the Commission further issued Letters of Determination,

19  finding that Charging Parties Arnulfo Guevara, Carlos Garcia, and other similarly situated

20  individuals were subjected to retaliation for their association with individuals opposing unlawful

21  employment practices in violation of Title VII.

22  18.   Prior to instituting this lawsuit, Plaintiff attempted to eliminate the unlawful

23  employment practices herein alleged and to effect voluntary compliance with Title VII through

24  informal methods of conciliation, conference, and persuasion within the meaning of Section

25  706(b) of Title VII, 42 U.S.C. Sections 2000e-5(b) and 2000e-6, including but not limited to a

26  conciliation conference with Defendants' representatives.

27  19.   All conditions precedent to the institution of this lawsuit has been fulfilled.

28  20.   Martin Ramirez worked as a dried fruit supervisor at Zoria Farms Inc in the

Madera facility.  In 2007, Mr. Ramirez began subjecting Rosa Mendez to sexual harassment, including but not limited to hugging her from behind, grabbing her buttocks, rubbing her arm, following her, telling her that she was pretty and making comments regarding her physical appearance.  Mr. Ramirez further offered Ms. Mendez a better position in exchange for sex.

21.     This conduct was unwelcome by Ms. Mendez and she complained to Zoria Farms Inc.'s human resource manager but no corrective action was taken.

22.     Mr. Ramirez similarly subjected Rosario Huerta and other female employees to unwelcome verbal comments and conduct of a sexual nature.

23.     Such comments by Mr. Ramirez included, but were not limited to, telling female employees that they were pretty, he wanted to have sex with them, and if they slept with him they would get a better post.

24.     Mr. Ramirez further subjected female employees to unwelcome conduct, including but not limited to, hugging and kissing female employees, following female employees to the bathroom, staring at female employees, and sending unwanted gifts to female employees.

25.     Several female employees complained to their immediate supervisors and to human resources about sexual harassment.  Defendants failed to take appropriate remedial action in response to these complaints and subjected these employees to retaliation, including but not limited to termination.

26.     On or about April 2008, Eder Cruz Ortiz, Jose Dieguez, and other employees presented complaints about Ramirez' behavior towards female employees at a meeting with Zoria Farms Inc.'s human resource manager and management, including Jill Brooks.

27.     In June 2008, Z Foods took over operations and ownership of the Madera facility.  Workers who were previously employed by Zoria Farms Inc were rehired by Z Foods, including John Zoria, the previous owner of Zoria Farms Inc., and Jill Brooks.

28.     The workers who organized the meeting and complained about Ramirez's conduct in April 2008 were not rehired because of their opposition to Ramirez's harassment.

29.     Since at least 2000, Defendants employed Francisco Guerra as a fresh fruit supervisor.  In 2008, Mr. Guerra subjected Rocio Guevara to sexual harassment, including but

not limited to the following conduct: harassing telephone calls in which Mr. Guerra asked Ms. Guevara to go on dates with him, numerous comments about Ms. Guevara's body, telling Ms. Guevara that he was in love with her, offering to promote Ms. Guevara if she went out with him, having other female employees proposition Ms. Guevara to "have a sexual adventure" with Guerra at work, invading Ms. Guevara's personal space by standing directly behind her as she worked, and leering at Ms. Guevara.

30.   Ms. Guevara complained to her supervisor in September 2008 about Mr. Guerra's conduct.  Defendants failed to take corrective action in response to the complaint.

31.   Throughout his employment with Defendants, Francisco Guerra also subjected other female employees to sexual harassment, including not limited to the following conduct: Guerra identified which female employees were good at oral sex, Guerra discussed sexual positions, Guerra commented about female employees' physical appearances, Guerra propositioned female employees with promotions in exchange for sex, Guerra threatened other female employees that their continued employment with Defendants would be dependent on them acquiescing to his advances, Guerra leered at female employees' buttocks, Guerra subjected female employees to unwanted touching, and Guerra enlisted other employees to solicit female employees on his behalf.

32.   Defendants failed to exercise reasonable care to prevent and promptly correct the sexually harassing behavior, including but not limited to failing to provide information to its employees regarding sexual harassment and the company procedures for complaining about harassment.

33.   Defendants retaliated against Eder Cruz Ortiz, Mireye Torres, Rosa Mendez, Jose Dieguez, Rosario Huerta, Maria Sara Coronado, and Barcilia Alvarez for their opposition to unlawful harassment by failing to rehire them.

34.   Defendants retaliated against Arnulfo Guevara and Carlos Garcia.  Defendants terminated Arnulfo Guevara after and as a result of his sister Rocio Guevara's opposition to sexual harassment.  After Arnulfo Guevara filed a charge of discrimination, Defendants subsequently terminated Carlos Garcia (Arnulfo Guevarra's brother-in-law) in retaliation for

1    Arnulfo Guevarra's charge of discrimination.

2         35.    The effect of the practices complained of in paragraphs 20 to 34 above has been

3    to deprive Charging Party Rocio Guevara and similarly situated individuals of equal employment

4    opportunities and otherwise adversely affects their status as employees because of their sex.

5         36.    The effect of the practices complained of in paragraphs 20 to 34 above has been

6    to deprive Charging Parties Carlos Garcia and Arnulfo Guevara of equal employment

7    opportunities and otherwise adversely affects their status as employees because they were

8    associated with an individual who opposed discrimination.

9         37.    The effect of the practices complained of in paragraphs 20 to 34 above has been

10   to deprive Charging Parties and similarly situated individuals of equal employment opportunities

11   and otherwise adversely affects their status as employees because of their engagement in

12   protected activities in opposition to unlawful employment practices and/or their association with

13   individuals who engaged in such activities.

14        38.    The unlawful employment practices complained of in paragraph 20 to 34 above

15   were intentional and caused Charging Parties and similarly situated individuals to suffer

16   emotional distress.

17        39.    The unlawful employment practices complained of in paragraphs 20 to 34 above

18   were and are done with malice or with reckless indifference to the federally protected rights of

19   Charging Parties and other similarly situated individuals.

20                                    **PRAYER FOR RELIEF**

21        Wherefore, the Commission respectfully requests that this Court:

22        A.     Grant a permanent injunction enjoining Defendants, its officers, successors,

23   agents, servants, employees, attorneys, and all persons in active concert or participation with

24   them from engaging in sexual harassment, retaliation, and any other employment practice which

25   discriminates on the basis of sex.

26        B.     Order Defendants to institute and carry out policies, practices, and programs

27   which provide equal employment opportunities for women, and which eradicate the effects of its

28   past and present unlawful employment practices.

C.   Order Defendants to make whole Charging Parties and similarly situated individuals in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Charging Parties or front pay in lieu thereof.

D.   Order Defendants to make whole Charging Parties and similarly situated individuals by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 20 to 34 above, including but not limited to job search expenses and relocation expenses, prejudgment interest on lost pay and benefits in amounts to be determined at trial.

E.   Order Defendants to make whole Charging Parties and similarly situated individuals by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 20 to 34 above, including but not limited to emotional pain, suffering, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.   Order Defendants to pay Charging Parties and similarly situated individuals punitive damages for its malicious and reckless conduct described in paragraphs 20 to 34 above, in amounts to be determined at trial.

G.   Grant such further relief as the Court deems necessary and proper in the public interest.

H.   Award the Commission its costs of this action.

///
///
///
///
///
///

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: September 24, 2013                    Respectfully Submitted

P. DAVID LOPEZ,
General Counsel

JAMES LEE,
Deputy General Counsel

GWENDOLYN YOUNG REAMS,
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 "M" Street, N.E.
Washington, D.C.  20507

By: _____
ANNA Y. PARK,
Regional Attorney

SUE NOH,
Supervisory Trial Attorney

RUMDUOL VUONG,
Trial Attorney

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION