# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ZORIA FARMS, INC., and Z FOODS INC.,<br><br>Defendants.<br>_____ / | Case No.  1:13-cv-01544-DAD-SKO<br><br>**ORDER THAT PLAINTIFF FILE A SUPPLEMENTAL BRIEF**<br><br>**ORDER CONTINUING THE HEARING ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT TO MAY 4, 2016** |

## I.   INTRODUCTION

On March 2, 2016, Plaintiff U.S Equal Employment Opportunity Commission ("Plaintiff") filed a motion for default judgment against Defendant Z Foods dba Zoria Farms ("Z Foods"). (Doc. 52.)  No opposition to Plaintiff's motion was filed.  (*See* Docket.)  Plaintiff asserts Z Foods is liable under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1)(3), for the acts of its predecessor, Zoria Farms, Inc. ("Zoria Farms"), under the doctrine of successor liability and for its own conduct in violation of Title VII.

Having reviewed Plaintiff's motion and supporting material, supplemental briefing is required on the issue of successor liability as well as the amount of damages awardable under 42

U.S.C. § 1981a.  For that reason, the hearing set for March 30, 2016, is CONTINUED to May 4, 2016, and Plaintiff shall file a supplemental brief by no later than April 15, 2016, addressing the issues set forth below.

## II.   BACKGROUND

**A.   Factual Background**

On September 24, 2013, Plaintiff filed a complaint against Zoria Farms and its successor, Z Foods (collectively, "Defendants") alleging violations of Title VII.  Zoria Farms, and subsequently Z Foods, is a wholesale processor of dried fruit, maintaining a facility in Madera, California.  Plaintiff alleges Defendants' supervisors sexually harassed female employees during the course of their employment and subjected employees to retaliation for opposing the harassment.

### 1.   Harassment by Supervisor Ramirez Prior to Z Foods' Acquisition of Zoria Farms and Retaliation Against Employees for Reporting Ramirez' Conduct

Plaintiff alleges that in 2007, Martin Ramirez ("Ramirez"), a supervisor for Zoria Farms, began subjecting Rosa Mendez to sexual harassment including but not limited to "hugging her from behind, grabbing her buttocks, rubbing her arm, following her, telling her that she was pretty and making comments regarding her physical appearance."  (Doc. 1, ¶ 20.)  Ramirez similarly subjected Rosario Huerta and other female employees to unwelcome verbal comments and conduct of a sexual nature, such as telling them they were pretty, that he wanted to have sex with them, and that if they slept with him they would get a better post. (Doc. 1, ¶¶ 22-23.)

In April 2008, employees Eder Cruz Ortiz, Jose Dieguez, and other employees presented complaints at a meeting with Zoria Farms' human resources manager and Jill Brooks, the plant manager, about Ramirez' behavior towards female employees. (Doc. 1, ¶ 26.)

Following this meeting, employees Eder Cruz Ortiz, Mireya Torres, Rosa Mendez, Jose Dieguez, Rosaria Guerta, Maria Coronado, and Bacilia Barajas – all of whom had attended the April 2008 meeting to complain about Ramirez – were fired by Zoria Farms in June 2008 and not rehired by Z Foods when operations resumed after Z Foods' acquisition of Zoria Farms.  Plaintiff claims the firing of these employees and failing to rehire them was an act of retaliation for the

2

employees' opposition to supervisor Ramirez' conduct.  (Doc. 1, ¶ 33.)

### 2. Z Foods' Acquisition of Zoria Farms in June 2008

Plaintiff alleges that in June 2008 Z Foods took over operations and ownership of Zoria Farms at the Madera facility.  (Doc. 1, ¶ 27.)  Workers who were previously employed by Zoria Farms were rehired by Z Foods, including John Zoria, the previous owner of Zoria Farms and Jill Brooks, the plant manager.  (Doc. 1, ¶ 27.)  The workers who organized the meeting in April 2008 were not rehired by Z Foods; Plaintiff alleges this was because of their opposition to Ramirez' harassment.  (Doc. 1, ¶ 28.)

### 3. Harassment by Supervisor Guerra and Retaliation by Z Foods Following Its Acquisition of Zoria Farms

Plaintiff alleges that in 2008, Francisco Guerra ("Guerra"), who was employed as a fresh fruit supervisor with Zoria Farms since at least 2000, and subsequently with Z Foods in 2008, subjected Rocio Guevara ("Rocio") to sexual harassment, including but not limited to harassing telephone calls where Guerra asked Rocio to go on dates with him, made numerous comments about Rocio's body, told Rocio that he was in love with her, offering to promote Rocio if she went out with him, had other female employees proposition Rocio to have a "sexual adventure" with Guerra at work, invaded Rocio's personal space by standing directly behind her as she worked, and leering at Rocio.  (Doc. 1, ¶ 29.)  Although Rocio complained to her supervisor in September 2008 about Guerra's conduct, Z Foods failed to take any corrective action in response to the complaint.  (Doc. 1, ¶ 30.)

Throughout his employment, Guerra subjected other female employees to sexual harassment, including but not limited to identifying which female employees were good at oral sex, discussing sexual positions, commenting about female employees' physical appearances, propositioning female employees with promotions in exchange for sex, threatening other female employees that their continued employment would be dependent on them acquiescing to his advances, leering at female employees' buttocks, subjecting female employees to unwanted touching, and enlisting other employees to solicit female employees on his behalf.  (Doc. 1, ¶ 31.)

//

Z Foods terminated Arnulfo Guevara's employment as a result of his sister Rocio's opposition to sexual harassment by Guerra. After Arnulfo Guevara filed a charge of discrimination, Z Foods subsequently terminated the employment of Carlos Garcia (Arnulfo Guevara's brother-in-law) in retaliation for Arnulfo Guevara's charge of discrimination. (Doc. 1, ¶ 34.)

Charging parties Rosa Mendez, Rocio Guevara, Rosario Huerta, Mireye Torres, Eder Cruz Ortiz, Jose Dieguez, Maria Sara Coronado, Bacilia Barajas Alvarez, Arnulfo Guevara, and Carlos Garcia ("claimants") filed charges of discrimination with the EEOC alleging violations of Title VII by Defendants.

**B.    Procedural Background**

Plaintiff filed this action against Defendants on September 24, 2013, on behalf of the claimants. (Doc. 1.) After the complaint was filed, Defendants were served (Docs. 8, 9), but only Zoria Farms filed an answer (Doc. 12). Z Foods did not respond to the complaint. A scheduling conference was held on March 13, 2014, and a scheduling order was issued opening discovery on March 18, 2014. (Doc. 16.) On April 30, 2015, Plaintiff settled the claims against Zoria Farms for $330,000, and a consent decree was issued on June 23, 2015. (Doc. 36.)

On March 2, 2016, Plaintiff filed a motion for default judgment against Z Foods, seeking judgment in the amount of $1,470,000, which includes an offset for the settlement amount received from Zoria Farms. It is this motion that is pending before the Court.

### III.    DISCUSSION

**A.    Insufficiency of Allegations of Z Foods' Successor Liability**

Plaintiff's motion for default judgment and an award of damages in the amount of $1,470,000 is predicated on application of the doctrine of successor liability. Specifically, Plaintiff seeks to hold Z Foods liable for discriminatory and retaliatory conduct *prior* to its acquisition of Zoria Farms in 2008 and seeks damages based on this and other discriminatory and retaliatory conduct.

"In certain circumstances a new employer will be held liable for the legal obligations of its predecessor employer though explicit assumption of the obligations is absent. Successor liability

is applied only when necessary to further some fundamental policy in regulation of the industry or work place affected." *Bates v. Pac. Maritime Assoc.*, 744 F.2d 705, 708 (9th Cir. 1984). The doctrine of successor liability is applicable to Title VII discrimination cases, but application turns on the particular facts of the case. *Id.* Three principle factors bear on the appropriateness of successor liability in the context of employment discrimination: "(1) the continuity of operations and work force of the successor and predecessor employers, (2) the notice to the successor employer of its predecessor's legal obligation, and (3) the ability of the predecessor to provide adequate relief directly." *Id.* at 709-10.

The question for purposes of default judgment is whether the complaint alleges facts sufficient to establish a claim for successor liability under Title VII. *Direc TV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) (a defendant does not admit facts that are not well-pleaded or conclusions of law); *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978) (claims which are not well-pleaded are not binding and cannot support a default judgment). With regard to the third prong in *Bates*, Plaintiff asserts the complaint alleges sufficient facts regarding Zoria Farms' inability to provide adequate relief to the claimants. Plaintiff contends the allegation that Z Foods took over Zoria Farms' facility and its operations and hired Zoria Farms' personnel and upper management supports an inference that Zoria Farms ceased operations, no longer had a facility or operations, and therefore would be unable to provide adequate relief directly to the charging parties.

In *EEOC v. Global Horizons, Inc.*, 860 F. Supp. 2d 1172, 1187 (D. Hawaii 2012), the court determined the third *Bates* prong favored imposition of successor liability because the EEOC alleged the successor company controlled a collective bargaining agreement with the predecessor's employees it hired and maintained the right to terminate operations at its discretion. *Id.* The court considered these allegations sufficient to raise a reasonable inference that the predecessor company had not retained these powers when it was acquired by the successor and would thus not necessarily be able to provide adequate monetary or injunctive relief to the claimants.

Unlike in *Global*, here, Plaintiff seeks only damages on behalf of the claimants and not injunctive relief. Zoria Farms appeared in this action and agreed to settle the claims against it for

$330,000. Moreover, the allegations of the complaint do not state that Zoria Farms ceased corporate operations when it sold the Madera farm facility to Z Foods. In light of the monetary settlement received from Zoria Farms, it is unclear whether the third prong of *Bates* is factually supported to establish a plausible claim for successor liability. *See* Bates, 744 F.2d at 710-11 (successor was necessary component of relief granted claimants under a consent decree with predecessor). In a supplemental brief, Plaintiff shall explain: (1) how the allegations of the complaint plausibly support the imposition of successorship liability under the third *Bates* prong; and (2) whether the monetary settlement agreement with Zoria Farms undercuts an inference that Zoria Farms is unable to provide an adequate remedy.

**B.     Evidence of Damages is Incomplete**

Plaintiff seeks the imposition of the maximum allowable statutory damages under 42 U.S.C. §1981a, which sets damage limits based on the size of the company against whom damages are awarded. Under Section 1981a(b)(3)(C), Plaintiff may recover compensatory and punitive damages up to $200,000 per complaining party "in the case of a respondent who has more than 200 and fewer than 501 employees in each of the 20 or more calendar weeks in the current or proceeding calendar year." 42 U.S.C. § 1981a(b)(3)(C). If a company has more than 100 and fewer than 201 employees in each of 20 or more calendar weeks in the current or preceding calendar year, the total award shall not exceed $100,000 per complaining party. 42 U.S.C. § 1981a(b)(3)(B). In support of its motion for default judgment, Plaintiff filed the declaration of Martha Sanchez, a former Human Resources Assistant at Zoria Farms. Ms. Sanchez states that Zoria Farms' fresh fruit season would start during the first or second week of June and last until the end of October. (Doc. 53-11, Sanchez Decl., ¶ 5.) Zoria Farms had approximately 120 employees working in the dry fruit department year round, and there were approximately 400 to 500 seasonal workers in the fresh fruit department. (Doc. 53-11, Sanchez Decl., ¶ 6.)

This declaration is insufficient, however, to establish the number of employees at Zoria Farms for purposes of maximum statutory damages. First, the declaration is unsigned and incomplete. (*See* Doc. 53-11, Exhibit L, Sanchez Decl.) Second, even assuming the incomplete and unsigned declaration can be remedied, the number of weeks in Zoria Farms' fresh fruit season

appears to fall short of the 20 calendar weeks required under the statute.  Ms. Sanchez states the fresh fruit season lasts from the first **or second** week of June to the end of October.  If the season started the second week of June, it would not meet the 20-week durational requirement.  It is also not clear to what calendar year Ms. Sanchez is referring in making these estimates.

Plaintiff may file a signed and complete declaration of Ms. Sanchez, and shall address in a supplemental brief how Ms. Sanchez' statements establish the 20 calendar week requirement and clarify the calendar year to which she is referring in support of Plaintiff's request for maximum statutory damages under 42 U.S.C. § 1981a(b)(3)(C).

C. **Sufficiency of Service of Process on Z Foods**

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.  '[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served.'"  *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987) (quoting *Mississippi Publ'g Corp. v. Murphree*, 326 U.S. 438, 444-45 (1946)). Plaintiff has not addressed service of process on Z Foods in its motion for default judgment.  It appears that Z Foods, as a Delaware corporation, was served through its designated agent for service of process in Delaware, which appears sufficient under Federal Rule of Civil Procedure 4(h)(1)(B).  (Doc. 8.)  The Court notes, however, that Z Foods is also authorized to do business in California and has an agent for service of process in California.  In its supplemental brief, Plaintiff shall set forth how its service on Z Foods is sufficient under the Federal Rules of Civil Procedure.

//
//
//
//
//
//
//
//

### IV.   CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. By no later than April 15, 2016, Plaintiff shall file
   a. a supplemental brief in support of its motion for default judgment addressing all of the issues identified above;
   b. the complete and signed declaration of Martha Sanchez; and
2. The hearing set for March 30, 2016, is CONTINUED to May 4, 2016, at 9:30 a.m.

IT IS SO ORDERED.

Dated:   **March 29, 2016**                              **/s/ Sheila K. Oberto**
                                                                        UNITED STATES MAGISTRATE JUDGE